**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; BRUCE LAU, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>NORTH BAY WATERPROOFING, INC., a California corporation;<br><br>Defendant. | Case No. 12-cv-02374 NC<br><br>**ORDER RE: HEARING ON MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 26 |

Pending before the Court is plaintiffs' motion for default judgment against North Bay Waterproofing, Inc. seeking an order compelling North Bay to comply with an audit of its payroll records for the period of April 1, 2011 to the present. Dkt. No. 26. A hearing on the motion is scheduled for July 31, 2013 at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

The Court notes that plaintiffs' complaint alleges North Bay breached a collective

bargaining agreement with Local 40 of the United Union of Roofers, Waterproofers and Allied Workers by refusing to permit an audit. Dkt. No. 1 at 3. Plaintiffs' motion, however, seeks relief with respect to the alleged breach of the agreement with Local 40, and with respect to a breach of an additional collective bargaining agreement with Local 81 of the United Union of Roofers, Waterproofers and Allied Workers. *See* Dkt. No. 26 at 3-4. At the hearing, plaintiffs should be prepared to address (1) why the Court should grant relief with respect to the collective bargaining agreement with Local 81 which has not been alleged in the complaint, *see* Fed. R. Civ. P. 54(c) ("[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); *see also, e.g.*, *Bob Tragni, et al. v. Souther Electric Inc.*, No. 09-cv-32 JF (RS), 2009 WL 3052635, *2-3 (N.D. Cal. Sept. 22, 2009) (denying default judgment with respect to relief not alleged in the complaint); and (2) why North Bay should be required to submit to an audit covering the time period of April 1, 2011 through the present where the collective bargaining agreements provided appear to have an effective date of August 1, 2011. *See* Dkt. No. 26-3 ¶¶ 2, 4.

The plaintiffs must serve North Bay with this order in a manner to ensure notice.

IT IS SO ORDERED.

Date: July 26, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge