**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; BRUCE LAU, TRUSTEE,

Plaintiff,

v.

NORTH BAY WATERPROOFING, INC.,

Defendant.

Case No. 12-cv-02374 NC

**REFERRAL FOR REASSIGNMENT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. No. 26

Plaintiffs move for entry of default judgment against defendant North Bay Waterproofing, Inc. under Federal Rule of Civil Procedure 55(b)(2) seeking an order requiring North Bay to submit to an audit as required by law and the parties' collective bargaining agreements. Because North Bay has not consented to its jurisdiction under 28 U.S.C. § 636(c), the Court REFERS this case for REASSIGNMENT to a District Court Judge. The undersigned Magistrate Judge RECOMMENDS that plaintiffs' motion for default judgment be GRANTED as to relief sought under the Local 40 collective bargaining

agreement, and DENIED, without prejudice to refiling, to the extent it seeks additional relief under the Local 81 collective bargaining agreement not alleged in the complaint.

## I. BACKGROUND

### A. The Parties and the Facts Alleged in the Underlying Dispute

Plaintiffs allege to be trust funds and employee benefit plans within the meaning of §§ 3(1), (3) and 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), (3), 1132, and multiemployer plans within the meaning of §§ 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37), 1145. Dkt. No. 1 ¶ 2. They also allege that plaintiff Bruce Lau is a Trustee. *Id*. Plaintiffs allege that, "[a]t all times pertinent hereto," North Bay was bound by a written collective bargaining agreement with Local 40 of the United Union of Roofers, Waterproofers and Allied Workers ("Local 40 collective bargaining agreement"). *Id.* ¶ 5. Plaintiffs further allege that the agreement provides that North Bay will make contributions to plaintiff trust funds on behalf of North Bay's employees on a regular basis on all hours worked, and that it will comply with all the provisions of the collective bargaining agreement and the trust agreements. *Id*. Plaintiffs allege that, under the trust agreements, an employer may be required to submit to an examination of its records. *Id.* ¶ 7.

Plaintiffs allege that they "rely upon voluntary monthly reporting by employers" and that they "deem it necessary and advisable to examine employers' payroll books and records from time to time to determine whether or not employers have accurately reported and paid all contributions due on behalf of all employees covered by the collective bargaining agreement." *Id*. ¶ 6. Plaintiffs allege that they have requested North Bay to make all of its payroll books and records of all of its employees available to plaintiffs to examine said payroll books and records for the period April 1, 2011 to date, and that such an examination is necessary to determine the exact amount owing to plaintiff trust funds. *Id*. ¶ 8. Plaintiffs further allege that North Bay has breached the collective bargaining agreement and the trust agreements by refusing to permit the requested examination. *Id.*

//

The complaint seeks enforcement of the alleged agreements by (1) ordering North Bay to submit to the requested audit for purposes of ascertaining the amounts owed to the trust funds for the period April 1, 2011 to date; (2) rendering judgment on behalf of plaintiffs for all contributions due and owing to the date of the judgment, plus liquidated damages, interest, and reasonable attorneys' fees; (3) enjoining North Bay from violating the terms of the alleged agreements; and (4) retaining jurisdiction over this case pending compliance with the Court's orders. *Id.* at 4-5.

**B. Procedural History**

Plaintiffs filed their complaint against North Bay on May 10, 2012. Dkt. No. 1. On September 11, 2012, North Bay was served with the summons and complaint, along with the order setting initial case management conference and ADR deadlines, and other information. Dkt. No. 8. North Bay failed to respond to the complaint, and on October 23, 2012, plaintiffs filed a request for entry of default, which was served on North Bay. Dkt. Nos. 9-10. On October 25, 2012, the clerk entered default against North Bay. Dkt. No. 12.

On June 26, 2013, plaintiffs filed a motion for default judgment seeking an injunction compelling North Bay "to submit to an audit, covering the time period of April 1, 2011 through the present for the purpose of ascertaining the amounts owed" to the plaintiff trusts and that North Bay make "all of its past payroll books and records available to Plaintiffs for the purpose of making such examination." Dkt. No. 26 at 3. Plaintiffs also request that the Court retain jurisdiction to ensure North Bay's compliance with the audit, and over "plaintiffs' subsequent action to recover all unpaid contributions, if any, found by the audit to be due, as well as liquidated damages, interest, attorneys' fees and costs found to be due." *Id*. at 2.

In support of the motion, plaintiffs submitted a declaration by Sandy Stephenson, Vice President of Administration for United Administration Services which assists in the collection and disbursement of funds for the plaintiff trusts. Dkt. No. 26-3. The declaration attached a copy of the Local 40 collective bargaining agreement effective from August 1, 2011 through July 31, 2015, as well as the "Individual Employer Agreement" in

which North Bay agrees to be bound by and comply with the terms of the Local 40 collective bargaining agreement. Dkt. Nos. 26-3 ¶¶ 2-3; 26-4. In addition, plaintiffs submitted a copy of a collective bargaining agreement between the Associated Roofing Contractors of the Bay Area Counties, Inc. and Local 81 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Local 81 collective bargaining agreement"), effective from August 1, 2011 through July 31, 2015, and an "Individual Employer Agreement" binding North Bay to that collective bargaining agreement. Dkt. Nos. 26-3 ¶¶ 3-4; 26-5. In support of their request for an audit, plaintiffs cite to provisions in both collective bargaining agreements which state that "Individual Employers agree to allow the Business Representative to visit all shops and jobs and to examine time books and payroll records during business hours. Any of the auditors retained by the Bay Area Roofers Health and Welfare Trust may serve as the Business Representative's designee for these purposes." Dkt. Nos. 26 at 6; 26-4 at 24; 26-5 at 23. "Addendum Three" of both agreements further provides that the Pacific Coast Roofers Pension Plan and the National Roofing Industry Pension Fund "retain the right under their respective Trust Agreements to audit employers when they deem it to be necessary and appropriate." Dkt. Nos. 26-4 at 43; 26-5 at 46.

The motion was served on North Bay, and was noticed for hearing on July 31, 2013. *Id*. at 1, 8. North Bay did not file an opposition to the motion. On July 26, 2013, the Court issued an order directing plaintiffs to address at the hearing (1) why the Court should grant relief with respect to the Local 81 collective bargaining agreement which was not alleged in the complaint; and (2) why North Bay should be required to submit to an audit covering the time period of April 1, 2011 through the present given that the collective bargaining agreements provided had an effective date of August 1, 2011. Dkt. No. 31. The Court held a hearing on the motion for default judgment on July 31, 2013. North Bay did not appear. At the hearing, the Court permitted plaintiffs to submit a supplemental declaration in support of their motion for default judgment regarding issue (2) raised in the Court's July 26, 2013 order.

On August 6, 2013, plaintiffs filed and served on North Bay a supplemental declaration by Sandy Stephenson. Dkt. No. 33 at 5. The declaration attaches a copy of a Local 40 collective bargaining agreement affective from August 1, 2010 through July 31, 2011. Dkt. Nos. 33 ¶ 3; 33-1. This agreement contains the same language regarding the right to audit as in the previously submitted Local 40 collective bargaining agreement. Dkt. No. 33-1 at 23, 41. The declaration also attaches a Local 81 collective bargaining agreement effective from August 1, 2005 through July 31, 2010, and a letter agreement extending, as modified, that collective bargaining agreement to July 31, 2011. Dkt. Nos. 33 ¶¶ 5-6; 33-2.

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, the Court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. DISCUSSION

### A. Jurisdiction

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the complaint alleges violations of ERISA, *see* 29

U.S.C. § 1132. Dkt. No. 1 at 1-2. Moreover, the Court has personal jurisdiction over North Bay because, as alleged in the complaint, North Bay "resides and does business in Novato, California"; "[t]he collective bargaining agreement was entered into in San Francisco, CA"; and "[p]erformance of the obligations to pay fringe benefits set forth in the collective bargaining agreement is in this judicial district." *Id.* ¶ 3. Thus, plaintiffs' claims arise out of North Bay's business within the state and the Court may exercise personal jurisdiction over North Bay. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011); *Velez v. Enter. Protective Servs., Inc.*, No. 10-cv-05052 LHK, 2011 WL 3443637, *3 (N.D. Cal. Aug. 8, 2011). The jurisdictional prerequisites are thus satisfied.

**B. Adequacy of Service of Process**

Additionally, the Court must assess the adequacy of process on the party against whom default is requested. *Bank of the West v. RMA LumberImc.*, No. 07-cv-06469 JSW (EMC), 2008 WL 2474650, *2 (N.D. Cal. June 17, 2008). A corporation, partnership, or other unincorporated association may be served by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service also may be made under California law, which permits service on a corporation via its statutory agent for service, or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Fed. R. Civ. P. 4(h)(1)(A); Cal. Civ. Proc. Code § 416.10. Here, the process server declares that the summons was personally served on Paul Foley as a person authorized to accept service on behalf of North Bay, on September 11, 2012. Dkt. No. 8. The Court finds service of process on North Bay to be adequate.

//

**C. Plaintiffs' Request for Audit under Contract Not Alleged in the Complaint**

Another issue that should be addressed before considering the merits of the motion for default judgment is plaintiffs' request for an audit under the Local 81 collective bargaining agreement which was not alleged in the complaint. At the hearing on the motion plaintiffs argued that such relief is appropriate because they are only seeking an audit and not a monetary award, and because North Bay was served with plaintiffs' motion papers which gave North Bay sufficient notice of the scope of the relief sought. The Court is not persuaded by either argument.

While on a motion for default judgment the Court must take the well-pleaded factual allegations of the complaint as true, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citations omitted). Moreover, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against it so that he may make a calculated decision as to whether or not it is in his best interest to answer." *Alameda Cnty. Elec. Indus. Serv. Corp. v. Banister Elec., Inc.*, No. 11-cv-04126 LB, 2012 WL 3042696, at *1 (N.D. Cal. July 25, 2012) (citing *In re Ferrell*, 539 F.3d 1186, 1192-93 (9th Cir. 2008); *Bd. of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-cv-2038 SC, 2009 WL 1704677, at *3–5 (N.D. Cal. June 17, 2009)).

Here, plaintiffs now seek to compel North Bay to submit to an audit under both the Local 40 and Local 81 collective bargaining agreements. However, they have not made any showing as to how the inclusion of the Local 81 collective bargaining agreement would change the scope of the relief sought in the complaint. To the extent that agreement covers employees of North Bay that are outside the Local 40 collective bargaining agreement, it would seem to expand North Bay's potential liability for unpaid contributions. While plaintiffs are not seeking damages in this motion, the ultimate purpose of the audit is to determine whether contributions are owed by the defendant, and

plaintiffs are explicitly asking the Court to reserve jurisdiction to recover such contributions from the defendant after the audit. Plaintiffs also have not shown that North Bay should have known at the time it defaulted that failure to defend against this action would expose it to liability under the Local 81 collective bargaining agreement. North Bay thus cannot be deemed to have admitted the breach of an agreement that was not alleged in the complaint. By requesting an audit under such an agreement, plaintiffs are seeking relief different in kind from, or exceeding in amount, that alleged in the pleadings.

A similar situation was presented in *J. & P. Associates, Inc. v. Specialty Stamping, LLC*, No. 06-cv-13853, 2007 WL 1295725, at *1 (E.D. Mich. May 2, 2007). There, plaintiff filed a complaint alleging that defendant breached a written Manufacturer's Representative Agreement ("MRA") by failing to pay sales commissions. *Id.* After defendant failed to plead or otherwise defend, plaintiff moved for default judgment. *Id.* The motion, which was served on defendant, sought damages under the MRA, and additional damages in the amount of $34,000 under a separate Retainer Agreement attached as an exhibit to the motion. *Id.* The court received testimony supporting the amounts owed by defendant. *Id.* The court, however, denied default judgment as to the $34,000, on the ground that the complaint did not assert a breach of the Retainer Agreement or request any damages from such a breach. *Id.* The court reasoned that, by requesting a default judgment that included damages for an alleged breach of the Retainer Agreement, plaintiff was "requesting relief different in kind than that requested in its complaint." *Id.* *See also Bd. of Trustees of San Mateo Hotel Employees & Rest. Employees Welfare Fund v. H. Young Enterprises, Inc.*, No. 08-cv-2619 EMC, 2009 WL 1033665, at *5 (N.D. Cal. Apr. 13, 2009) (denying default judgment where plaintiffs' motion relied on a collective bargaining agreement with a different union than the agreement alleged in the complaint, and expressing a "concern not only because of the analysis required by *Eitel* but also because of the issue of notice—that is, given the allegations of the complaint, was [defendant] put on fair notice that it could be held liable for obligations pursuant to what appears to be an entirely different contract with an entirely different union."); *Trustees of*

*Local 7 Tile Indus. Welfare Fund v. Bennick Contracting, Inc.*, No. 07-cv-4992 ENV (JO), 2010 WL 1424011, at *10-11 (E.D.N.Y. Jan. 22, 2010), adopted as modified, 2010 WL 1437928 (E.D.N.Y. Apr. 9, 2010) (recommending denial of default judgment as to request for an audit that was broader than the complaint which only sought contributions reports); *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. John Craig Plumbing LLC*, No. 11-cv-1325 HU, 2012 WL 1969046, at *1 (D. Or. May 25, 2012) (denying motion for default judgment as to future audit relief not requested in the complaint despite concluding that plaintiffs have demonstrated a right to that relief).

Courts in this district have held that, in some circumstances, damages accrued after filing the complaint in an ERISA case could be awarded without running afoul of Rule 54(c). *See e.g.*, *Total Air Balance*, 2009 WL 1704677, at *3-5 (granting damages accrued after filing of complaint where the pleadings included a general request for prospective damages, defendant was served with the motion for default judgment, and defendant was a moving target, with a history of payment and nonpayment since the filing of the suit requiring further amendments of the complaint and entries of default); *cf. Alameda Cnty. Elec. Indus. Serv. Corp. v. Banister Elec., Inc.*, No. 11-cv-04126 LB, 2012 WL 3042696, at *1-3 (N.D. Cal. July 25, 2012) (agreeing generally with the approach followed by the court in *Total Air Balance*, but finding that the case before it exceeded the limit of permissible flexibility where plaintiffs were using the motion for default judgment as a mechanism for extracting payments from defendant by constantly updated declarations and their notice regarding the final requested relief was deficient). Courts have concluded that the approach permitting recovery of delinquent contributions accrued after filing of the complaint is in accord with the legislative intent underlying ERISA because "it would frustrate ERISA's goals to require trust funds to file successive lawsuits for each new contribution that becomes delinquent." *Bay Area Painters v. Alta Specialty*, No. 06-cv-06996 MJJ (JCS), 2008 WL 114931, at *4 (N.D. Cal. Jan. 10, 2008) (citing *Bd. of Trustees of Sheet Metal Workers Health Care Trust of N. California v. B.D. Bridon, Inc.*, No. 95-cv-1240 MHP, 1995 WL 573701, at *3 (N.D. Cal. Sept. 19, 1995)). This justification,

however, does not apply where the additional contributions are delinquent at the time the complaint was filed. *Id.*; *see also Tragni v. Souther Elec. Inc.*, No. 09-cv-32 JF (RS), 2009 WL 3052635, at *2-3 (N.D. Cal. Sept. 22, 2009) (denying default judgment as to damages which predated the filing of the case but were not listed in the complaint, on the basis that defendant would be unduly prejudiced because it "might understandably have decided to appear and defend this suit if fifteen months of liquidated damages were at stake instead of two.").

The motion for default judgment here does not seek damages accrued since the filing of the complaint, but, rather, an audit and potential damages under an additional contract not alleged in the pleadings. Plaintiffs have provided no reason why the additional contract was not identified in the complaint. Moreover, it is not clear that North Bay was on notice of this liability when it made its choice not to defend against the complaint filed on May 10, 2012. While plaintiffs have submitted a declaration showing that their auditors requested to schedule an audit appointment in September and October 2011, there is no indication that those requests gave North Bay notice that plaintiffs sought to enforce compliance with the provisions of the Local 81 collective bargaining agreements. *See* Dkt. No. 26-1 ¶¶ 3-4. Accordingly, the Court recommends that plaintiffs' request for an audit under the Local 81 collective bargaining agreement be denied without prejudice.

**D. Default Judgment for Injunctive Relief**

With respect to the Local 40 collective bargaining agreement, the *Eitel* factors support a finding of default judgment.

**1. Merits and Sufficiency of the Complaint**

Plaintiffs allege that North Bay breached certain agreements and bring this motion for default judgment to compel North Bay to act in accordance with their terms. As such, this is a breach of contract claim for the purpose of determining the merits and sufficiency of the complaint. *See Bay Area Painters and Tapers v. Brown*, No. 06-cv-07509 WHA, 2007 WL 1302982, *2 (N.D. Cal. May 3, 2007). To prevail in an action for breach of contract, plaintiffs must show that (1) there is a contract, (2) plaintiff performed, (3) defendant

breached, and (4) there is resulting damage. *Id.* at *3 (citing *Careau & Co. v. Sec. Pac. Business Credit, Inc.*, 222 Cal. App.3d 1371, 1388 (1990)).

First, the complaint alleges that North Bay was bound by the terms of the Local 40 collective bargaining agreement and the trust agreements, and that those agreements provided plaintiffs with a right to request an audit of North Bay's payroll records. Dkt. No. 1 ¶¶ 5-8. The two Local 40 collective bargaining agreements, the Individual Employer Agreement, and two declarations by Sandy Stephenson submitted by plaintiffs support this allegation. Dkt. Nos. 26-3 ¶¶ 2-3; 26-4; 33 ¶ 3; 33-1. Second, the complaint alleges that plaintiffs requested that North Bay make its payroll books and records for the period April 1, 2011 to date available for examination. Dkt. No. 1 ¶ 8. Third, the complaint alleges that North Bay has breached the collective bargaining agreement and the trust agreements by refusing to permit the requested examination. *Id.* ¶¶ 8-9. Fourth, the complaint alleges that North Bay's refusal to permit the examination of records has prevented plaintiffs from determining the amount owed by North Bay to plaintiff trust funds under the alleged agreements. *Id.* Plaintiffs have thus alleged facts sufficient to establish and succeed upon their claims.

Moreover, [t]he Ninth Circuit has held that when the trust agreement terms allow for such an audit, the court may compel the audit specified in the trust agreement terms." *Bd. of Trustees v. RBS Washington Blvd, LLC*, No. 09-cv-00660, 2010 WL 145097, *5 (N.D. Cal. Jan. 8, 2010) (citing *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir.1990)); *see also Cal. Drywall/Lathing Indus. Labor-Mgmt. Cooperation, Inc. v. MLR Drywall Servs. Inc.*, No. 09-cv-03531 JSW (JL), 2010 WL 519827, *6 (N.D. Cal. Jan. 19, 2010) ("Where a collective bargaining agreement, as here, gives Trustees of an employee benefit plan the right to audit an employer's books and records, it will be enforced." (citations omitted)). Courts have further held that such relief would also be appropriate under ERISA, for the purpose of verifying that required contributions have been paid. 29 U.S.C. § 1132(g)(2)(E) (authorizing "such other legal or equitable relief as the court deems appropriate"); *Bd. of Trustees of Laborers Health &*

*Welfare Trust Fund for N. Cal. v. Shade Const. & Eng'g*, No. 06-cv-06830 PJH, 2007 WL 3071003, at *5 (N.D. Cal. Oct. 19, 2007); *RBS Washington Blvd*, 2010 WL 145097, n.1. Accordingly, plaintiffs are entitled to an audit of North Bay's financial records.

**2. Remaining Factors**

On balance, the remaining *Eitel* factors also favor entry of default judgment for injunctive relief. Plaintiffs have demonstrated that they would be prejudiced if default judgment is not granted because they would be without a remedy to enforce an audit and ensure North Bay has made the required contributions to the trust funds. Because North Bay has not answered the complaint or otherwise appeared in this action, the possibility of a dispute concerning material facts is unknown. The accounting firm retained by plaintiffs to perform the audit contacted North Bay at least five times in an effort to schedule the audit appointment. Dkt. No. 26-1. Plaintiffs' counsel also attempted to obtain audit compliance from defendant. Dkt. No. 26-2. North Bay has failed to respond. Dkt. Nos. 26-1; 26-2. After being properly served with the complaint and notice of default, as well as plaintiffs' motion for default judgment and supplemental declaration, North Bay elected not to take part in this litigation. Considering North Bay's alleged noncompliance with plaintiffs' demands, it is unlikely that the default was the result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect where defendants had failed to respond following proper service of the complaint, notice of entry of default, and a motion in support of default judgment).

Additionally, plaintiffs only seek an injunction to compel North Bay to comply with an agreement by which it was already bound. They are not seeking an excessive or speculative monetary award. Thus, there is no concern that a large, unreasonable monetary judgment will negatively impact North Bay in this case. Although federal policy generally favors decisions on the merits, Federal Rule of Civil Procedure 55(b) permits entry of default judgment in situations where the defendant refuses to litigate. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (finding that entry of

default judgment is warranted where a defendant's failure to appear makes a decision on the merits impracticable, if not impossible).

**E. Continuing Jurisdiction**

Plaintiffs also request that the Court retain jurisdiction over North Bay's compliance with the audit and "plaintiffs' subsequent action to recover all unpaid contributions, if any, found by the audit to be due, as well as liquidated damages, interest, attorneys' fees and costs found to be due." Dkt. No. 26 at 2. In ERISA cases, courts may retain jurisdiction to adjust the damages award following an audit. *See, e.g., Walters v. Shaw/Guehnemann Corp.*, No. 03-cv-04058 WHA, 2004 WL 1465721, *3 (N.D. Cal. April 14, 2004) (retaining jurisdiction with respect to contributions and damages determined owed to plaintiffs after audit); *Shade Const.*, 2007 WL 3071003, at *5 (same); *see also Alta Specialty*, 2008 WL 114931, at *6 (retaining jurisdiction over future requests for attorneys' fees and costs incurred in judgment collection). Thus, the Court recommends that plaintiffs' request that the Court retain jurisdiction be granted.

**IV. CONCLUSION**

Because North Bay has not consented to its jurisdiction, the Court REFERS this case for REASSIGNMENT to a District Court Judge. Finding that the *Eitel* factors weigh in favor of default judgment, the undersigned Magistrate Judge RECOMMENDS to the District Court to GRANT plaintiffs' motion for default judgment as to relief sought under the Local 40 collective bargaining agreement, and to ORDER North Bay to immediately submit to an audit by allowing auditors selected by plaintiffs to examine during business hours all of North Bay's time books and payroll records covering the time period from April 1, 2011, to the present date, for employees covered by the Local 40 collective bargaining agreement. The undersigned Magistrate Judge further RECOMMENDS to the District Court to DENY plaintiffs' motion, without prejudice to refiling, to the extent it seeks additional relief under the Local 81 collective bargaining agreement not alleged in the complaint.

//

The plaintiffs must serve North Bay with this order in a manner to ensure notice.

Any party may object to this recommendation within 14 days after being served with a copy. Fed. R. Civ. P. 72(b).

IT IS SO ORDERED.

Date: August 20, 2013

Nathanael M. Cousins
United States Magistrate Judge