United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NORTH BAY WATERPROOFING, INC.,<br><br>    Defendant.<br>_____/ | No. C-12-2374 MMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

    Before the Court is the Referral for Reassignment and Recommendation to Grant in Part and Deny in Part Motion for Default Judgment ("Recommendation"), filed by Magistrate Judge Nathanael M. Cousins on August 20, 2013.  All parties were served with the Recommendation, and no party has filed any objection thereto.

    Accordingly, the Court having read and considered plaintiffs' motion for default judgment and the Recommendation, the Recommendation is hereby ADOPTED, and the motion for default judgment is hereby GRANTED in part and DENIED in part as follows:

    1.  To the extent the motion seeks judgment in plaintiffs' favor on their claim for enforcement of the Working Agreement Between Local No. 40 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO and Associated Roofing Contractors of the Bay Area Counties, Inc., the motion is GRANTED, and defendant shall, within

twenty-one days of the date of this order, allow plaintiffs' auditors to examine during business hours defendant's time books and payroll records, covering the period beginning April 1, 2011 to the date of this order, for employees covered by the Local 40 collective bargaining agreement.

2. To the extent the motion seeks a judgment requiring defendant to comply with any obligations it may have under the Working Agreement Between Local No. 81 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO and Associated Roofing Contractors of the Bay Area Counties, Inc., the motion is DENIED, without prejudice to plaintiffs' seeking such relief in a separate action.

3. The Court will retain jurisdiction over the above-titled action for purposes of enforcing the judgment and amending the judgment to include, following the audit, any sums determined by the Court to be due and owing.

**IT IS SO ORDERED.**

Dated: September 27, 2013

MAXINE M. CHESNEY
United States District Judge